# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| SEAN D. CRAIG, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:19-cv-00187-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| GLOBAL SOLUTION BIZ LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff Sean D. Craig's ("Craig") motion for default judgment, ECF No. 10. For the reasons set forth below, the court denies the motion and dismisses the case without prejudice.

## I.  BACKGROUND

Craig brings this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"). Specifically, Craig alleges that defendant Global Solution Biz LLC ("GSB") used an automatic telephone dialing system to call Craig on his cellular phone multiple times to collect a debt while knowing that Craig was at work and unable to talk on the phone. Craig further alleges that GSB threatened on multiple occasions to have Craig arrested by bounty hunters if he did not immediately pay the debt.

Craig filed his complaint on January 22, 2019. Prior to filing the action, Craig's counsel called and spoke with GSB's Director of Operations about Craig's claims. Craig's counsel sent a demand letter and a draft copy of Craig's complaint to GSB via certified mail, which was delivered to GSB on November 20, 2018. GSB subsequently avoided further communication with Craig's counsel, leading Craig to file his complaint.

1

On January 28, 2019, Craig's counsel notified GSB of the lawsuit via first-class mail and requested that GSB waive service of summons. ECF No. 8-1, Affidavit of Christopher T. Brumback ("Brumback Affidavit") ¶ 3. GSB did not return the waiver of service or otherwise communicate with Craig's counsel. Id. ¶ 4. Therefore, on April 23, 2019, Craig's counsel served a copy of the summons and complaint via certified mail with return receipt requested. Id. The mailing was addressed to the owner and registered agent for GSB at an address that is both GSB's principal office address and the address of record for its registered agent with the Georgia Corporations Division. Id. The return receipt was signed and returned to Craig's counsel. ECF No. 6-1. GSB never entered an appearance in the case nor did it file an answer to the complaint, so on June 20, 2019, Craig requested entry of default. ECF No. 8. The clerk placed GSB in default on the same day. ECF No. 9. Craig subsequently filed a motion for default judgment on October 18, 2019. ECF No. 10. No response to the motion was filed.

After filing the motion for default judgment, Craig's counsel hired a process server to personally serve Craig's motion for default judgment, the complaint, and the summons on GSB's registered agent at GSB's principal office and registered agent address in Atlanta, Georgia. The process server, upon arriving to the address on November 7, 2019, discovered that the location was a shared coworking office space. The individual working as GSB's receptionist told the process server that GSB's registered agent was not present and that the receptionist did not know when he would return. Craig's counsel then instructed the process server to leave the documents with GSB's receptionist, which the process server did. ECF No. 17-3.

Pursuant to the court's instruction, Craig submitted supplemental briefing as to why default judgment was warranted on January 21, 2020. ECF No. 17. This matter is now ripe for review.

## II. STANDARD

After the clerk enters a defendant's default, and when the plaintiff's claim is not for a sum certain, the plaintiff must file a motion with the court to obtain default judgment. Fed. R. Civ. P. 55. "When a 'motion for default judgment is unopposed, the court must exercise sound judicial discretion to determine whether default judgement should be entered.'" Harris v. Blue Ridge Health Servs., Inc., 388 F. Supp. 3d 633, 637 (M.D.N.C. 2019) (quoting United States v. Williams, 2017 WL 3700901, at *1 (M.D.N.C. Aug. 25, 2017)). In doing so, "the court accepts a plaintiff's well-pleaded factual allegations as true." Broxton v. Blue Ridge in Fields, 2019 WL 3315245, at *2 (D.S.C. July 24, 2019) (citing DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 322 n.2 (4th Cir. 2008)). However, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). As such, the court need not accept the plaintiff's legal conclusions and must determine whether the plaintiff's allegations support the relief sought. Id. "The party moving for default judgment must still show that the defaulted party was properly served and that the unchallenged factual allegations constitute a legitimate cause of action." Harris, 388 F. Supp. 3d at 637–38 (internal citations and quotations omitted). If the court determines that service was proper and that the allegations entitle the plaintiff to relief, then it must then determine the appropriate amount of damages. Id.

## III.  DISCUSSION

Craig seeks default judgment against GSB, damages in the amount of $4,000, and attorney's fees and costs in the amount of $12,100.66.  Craig must show that GSB was properly served and that the unchallenged factual allegations in the complaint constitute legitimate causes of action for violations of the FDCPA and the TCPA.  The court finds that service upon GSB was not proper, requiring dismissal of the case.

Pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, a plaintiff can serve an unincorporated association either in accordance with Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."  Rule 4(e)(1) provides that service must follow the state law for serving summons in the state where either the district court is located or where service is made.  Service must be made within 90 days of the complaint being filed.  Fed. R. Civ. P. 4(m).

Here, there are two issues with service.  First, the manner in which Craig effectuated service was improper under both state laws that could be applied pursuant to Rule 4(e)(1), per Rule 4(h)(1)(A), and under Rule 4(h)(1)(B).  Starting with Rule 4(h)(1)(A)'s application of Rule 4(e)(1)'s "where service is made," Georgia law applies because service was made in Georgia.  The Georgia statue on process requires personal service on a registered agent.  O.C.G.A. § 9-11-4(e).  A limited liability company's registered agent is the agent for service.  Id. § 14-11-1108(a).  If that agent cannot with reasonable diligence be served, then the limited liability company may be served by

4

registered or certified mail, return receipt requested, addressed to the limited liability company at its principal office. Id. Craig got this procedure backwards. He first served GSB's registered agent through certified mail, return receipt requested, and then attempted to personally serve GSB's registered agent after GSB was placed in default. Because Craig did not first attempt personal service on GSB's registered agent, the service is improper under Georgia law.

Alternatively, under the rules of where the district court is located pursuant to Rule 4(e)(1), service is still improper. South Carolina law permits an unincorporated association to be served "by registered or certified mail, return receipt requested and delivery restricted to the addressee." SCRCP 4(d)(8). Therefore, there are two requirements for service by certified mail: a return receipt and delivery restricted to the addressee. See Roche v. Young Bros. of Florence, 456 S.E.2d 897, 900 (S.C. 1995) (explaining that Rule 4(d)(8) of the South Carolina Rules of Civil Procedure "requires that the return receipt be restricted to the addressee and show acceptance by the defendant"). Service is effective upon the date of delivery as shown on the return receipt. Id.

Here, Craig fulfilled one of those two requirements. He filed with the court a copy of the return receipt of the complaint and summons that is signed and dated April 23, 2019, meaning that he requested return receipt. However, Craig did not comply with the second requirement—that delivery be "restricted to the addressee." On the return receipt, the box next to "Certified Mail Restricted Delivery" is not checked, and Craig never states or confirms that the return receipt was sent restricted to the addressee. SCRCP 4(d)(8) and the Supreme Court of South Carolina's interpretation of the rule in

Roche clearly states that restriction to the addressee is required for service to be proper. See id.; see also Langley v. Graham, 472 S.E.2d 259, 260 (S.C. Ct. App. 1996) (finding service to be improper in part because the delivery of the summons and complaint was not restricted to addressee only). Therefore, service was improper under South Carolina law.

To be sure, the Supreme Court of South Carolina has "never required exacting compliance with the rules to effect service of process." Roche, 456 S.E.2d at 899. Instead, the court must "inquire whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." Id. Here, the court cannot be confident that it has personal jurisdiction over GSB or that GSB had notice of this lawsuit. Craig has not provided the court with any information or argument as to how the court could have general or specific personal jurisdiction over GSB. As for notice, GSB has never made an appearance in this case nor is there any over evidence indicated that GSB knew this lawsuit was actually filed or that GSB was placed in default. As such, Craig's failure to comply with Rule 4(d)(8) is fatal.

Having determined that service was improper under Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure, the court now considers whether Craig properly complied with Rule 4(h)(1)(B), which requires personal service on the registered agent. Craig's attempt to personally serve GSB's registered agent was unsuccessful, and after his first attempt, he did not attempt to personally serve GSB's registered agent again. Therefore, Craig did not comply with Rule 4(h)(1)(B), and his method of service was improper.

In addition, even if Craig's method of service was proper, Craig did not serve GSB within the time period required by Rule 4(m). Craig had 90 days to serve the complaint and summons after he filed his complaint. Craig filed his complaint on January 22, 2019, ECF No. 1, and the date on the return receipt for the complaint and summons is April 23, 2019, ECF No. 6-1, which was 91 days after Craig filed his complaint. It seems that Craig may have delayed serving the summons and complaint because he was waiting for a response from GSB to his request to waive service of summons, which he never received. However, on January 28, 2019, Craig gave GSB 30 days to return the waiver of service, ECF No. 8-1 at 5, and once those 30 days passed, Craig should have served the summons and complaint to ensure compliance with Rule 4(m). The 30-day deadline expired on February 27, 2019, and Craig did not serve the complaint and summons until April 23, 2019. A defendant's failure to respond to a request for waiver of service does not allow a plaintiff extra time to serve the complaint and summons. Rule 4 clearly states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)" and makes no exception when the plaintiff requests a waiver and receives no response from the defendant. Fed. R. Civ. P. 4(c). As the Seventh Circuit has explained, Rule 4(d)'s provision for waiver of service "does not abolish a defendant's right to proper service of process," meaning that lawyers must "watch the time that has elapsed after they mail out a waiver form and to act promptly thereafter if the defendant proves uncooperative." Troxell v. Fedders of N. Am., Inc., 160 F.3d 381, 383 (7th Cir. 1998).

If a defendant is not properly served within 90 days of the complaint being filed, then the court must dismiss the action without prejudice or order that service be made

7

within a specified time. Fed. R. Civ. P. 4(m) (emphasis added). Moreover, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. (emphasis added). This language has left courts conflicted over whether a court may order that service be made within a specific time, as opposed to dismissing the case, without a showing of good cause. Based on the Advisory Committee's note to Rule 4 and dicta in a Supreme Court case, many courts have concluded that district courts have discretion in determining when an action should be dismissed for lack of proper service even when no good cause exists. See Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedures § 1137 (4th ed.) ("[T]he overwhelming majority of federal courts and dicta from the Supreme Court embrace the view that a district court has discretion under Rule 4(m) to dismiss a complaint or to allow the plaintiff to cure a defect in service of process even in the absence of good cause."). However, the Fourth Circuit has explcitly held that the district court must dismiss a case without prejudice when service is improper if no good cause is shown. Mendez v. Elliott, 45 F.3d 75, 79 (4th Cir. 1995). Courts have continued to doubt the validity of Mendez for various reasons, but Mendez has yet to be overruled and is still good law in this circuit. See Chen v. Mayor & City Council of Baltimore, 546 F. App'x 187, 188 (4th Cir. 2013) (summarily affirming in an unpublished opinion a district court's finding that it lacked discretion to extend Rule 4(m)'s deadline absent good cause); Patterson v. Brown, 2008 WL 219965, at *14 (W.D.N.C. Jan. 24, 2008), amended sub nom. Patterson ex rel. Estate of Hemphill v. Brown, 2008 WL 619374 (W.D.N.C. Mar. 3, 2008), and rev'd in part sub nom. on other grounds Patterson v. Whitlock, 392 F.

App'x 185 (4th Cir. 2010) ("[W]hile the continuing validity of Mendez is in serious doubt, it is clear that Mendez is still binding authority in this Circuit.").

Recently, several district courts in the Fourth Circuit have reasoned that Mendez is no longer good law, despite the fact that it has not been formally overruled, and permitted an extension of time for service absent a showing of good cause. United States ex rel. Maharaj v. Estate of Zimmerman, 2019 WL 6790645, at *21 (D. Md. Dec. 12, 2019); Whetstone v. Mayor & City Council of Baltimore City, 2019 WL 1200555, at *7 (D. Md. Mar. 13, 2019); Ghazarian v. Specialized Bicycle Components, Inc., 2019 WL 315997, at *2 (W.D.N.C. Jan. 24, 2019). However, in those cases, the defendants had appeared in the cases and filed motions to dismiss based on improper service. Here, GSB has not appeared in this case and is facing default judgment, meaning the stakes associated with the improper service are much higher. Craig has not provided any reason as to why his service was defective, meaning that he has not shown good cause for the court to extend the time period for service. As such, the court must dismiss this case without prejudice.

The court acknowledges that GSB's failure to appear in this case is not likely for the two defects in service. It appears that Craig's counsel has faced some difficulties with getting in contact with GSB and that GSB has been acting in an evasive manner. However, the proprietary of service is of the utmost importance when a defendant is being faced with default judgment and an obligation to pay thousands of dollars in a case that has not been decided on the merits. Moreover, the defects in Craig's service may appear to be relatively minor, but the court is bound by the Federal Rules of Civil Procedure and Fourth Circuit precedent and must enforce the rules of law contained

therein. As such, the court denies the motion for default judgment and dismisses the case without prejudice so that Craig may refile the case and properly serve GSB.

## IV. CONCLUSION

For the foregoing reasons the court **DENIES** the motion and dismisses the case without prejudice.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**February 3, 2020
Charleston, South Carolina**